ANGEL WENCESLAO FERNÁNDEZ, Appellant, *v.* REGISTRAR OF PROPERTY OF SAN JUAN (SECOND SECTION), Respondent.

No. 857. Submitted December 31, 1931.—Decided January 19, 1932.

H. *Torres Solá* for appellant. The registrar appeared by brief.

MR. CHIEF JUSTICE DEL TORO delivered the opinion of the Court.

Upon the death of Mrs. Minerva Gifford which occurred in Río Piedras, Angel Wenceslao Fernández, as her surviving husband, petitioned the District Court of San Juan for a declaration of heirship in favor of her niece, Josefina Gifford Kendall, of Ohio, as the only person entitled to the estate and in favor of the applicant in the usufructuary share fixed by law. In accordance with the evidence adduced and within the proceeding authorized by law, the district court made the decree sought.

Upon presentation of a copy of the decree of heirship in the Registry of Property of San Juan for the purpose of recording the same in connection with a certain rural property, the registrar recorded the decree but he entered a note to the effect that it did not appear from such decree that the court had ordered the publication of the notice prescribed by section 19 of the Law of Special Legal Proceedings of 1905.

The registrant has appealed from the above decision to this Court as he considers that it would constitute a cloud upon his title which might be a hindrance in future dealings.

We think that the appellant is right. The statutory provision cited by the registrar reads in its pertinent part as follows:

"When the heir's declaration has been solicited in favor of a collateral relative within the sixth degree, if the judge has reason to believe that there exist other kins equally or less remote from the decedent, and the value of the estate exceeds one thousand dollars ($1,000), the judge may, in his discretion, order the publication of notice announcing the death of the decedent and the names and degrees of kinship of those who claim the inheritance, and calling upon

those who consider themselves equally or better entitled to such inheritance to make their appearance and file their claims within a fixed period."

As the publication of said notice is not compulsory but discretionary with the judge in making a declaration of heirship, the fact that it does not appear from the decree entered that such a publication was ordered, does not constitute a defect or fault which it is incumbent on the registrar to note when recording said decree.

Therefore, the appeal must be sustained and the registrar directed to cancel the notation made by him.